MARY CERAMI BY LOMNOTI CERAMI, AND GRACE CERAMI AND LOMNOTI CERAMI, PLAINTIFFS, v. LOUISE ZIMMERMAN AND FRED BLESSING, DEFENDANTS.

Submitted October 15, 1929—Decided December 30, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiffs, *Donohue & O'Brien.*

For the defendant Fred Blessing, *McCarter & English.*

For the defendant Louise Zimmerman, *Samuel D. Williams.*

PER CURIAM.

Mrs. Grace Cerami and her daughter Mary, on January 30th, 1928, were standing on the sidewalk at the northeast corner of Ferry and Congress streets, Newark, New Jersey, when they were struck and injured as the result of an automobile collision in which the defendants' cars were involved. Shortly before the occurrence, the defendant Blessing was driving north on Congress street and the defendant Zimmerman was driving east on Ferry street.

The jury returned verdicts in favor of Mrs. Cerami for $10,000; in favor of the infant for $125, and in favor of her father for $250. The case is here on defendants' rule to show cause.

The evidence as to the collision between the Zimmerman and Blessing's cars raised an issue of negligence for the jury. As is usual in such occurrences, the witnesses do not agree.

The jury were under no obligation to accept in its entirety either the Blessing or Zimmerman account of the collision. But the account of both indicate fault in the other. Both cars reached the intersection at about the same time. The roadway was slippery. Some of the witnesses say that the cars were going at excessive rates of speed, that neither blew a horn. There is no agreement in the testimony as to just how the collision happened. There is, however, testimony that both cars came up on the sidewalk, and one or both of them struck the Ceramis. Clearly, a question for the jury was presented.

Dr. Welles P. Eagleton, chief of the head service of the hospital, where Mrs. Cerami was taken shortly after the accident, testified that he visited the woman, diagnosed her case and prescribed treatments which were carried out by the resident physician. Later, he made a further diagnosis in the case, and testified as to the conditions which he had first observed, and which failed to yield to treatment. His testimony clearly corroborates, in so far as he testifies to the fractured orbit, Mrs. Cerami's testimony as to the condition of her eyes before the accident and afterwards. Obviously, he did not see the occurrence but he certainly is not precluded from testifying as to the conditions which he found shortly thereafter, which Mrs. Cerami says did not exist prior thereto and which resulted from the accident.

The trial judge, in a well-balanced charge, left it to the jury to say what sum of money would presently compensate Mrs. Cerami for the injuries sustained. There was testimony that these injuries were permanent, and mortality tables had been used as a basis for indicating her life expectancy. The charge, as a whole, takes no question from the jury which properly belonged to it. Of course, words can only be used one at a time and several thoughts cannot be expressed except in sequence.

It is urged that the trial judge failed to charge the jury that negligence must be the proximate cause of the injury in order that there might be a recovery. He was not requested so to do. His failure so to do was not brought to his atten-

tion and a reading of the whole charge indicates that the jury were to pass on that very question.

If the jury believed the testimony respecting the injuries to the eye and Mrs. Cerami's inaiblity to follow her vocation and avocation, the damages awarded are clearly not excessive.

Both rules will be discharged.